194

Lawrence H. ZISMAN, personally and as President of Zisman Enterprises, Inc., an Illinois corporation, and Stephen W. Michel, Plaintiffs,

v.

Joseph SIEGER, d/b/a Sieger & Associates, Defendant.

Joseph SIEGER, d/b/a Sieger & Associates, Counterplaintiff & Third Party Plaintiff,

v.

Lawrence H. ZISMAN, personally and as President of Zisman Enterprises, Inc., an Illinois corporation, and Stephen W. Michel, Counterdefendants,

and

James A. Stathas, Fujitsu Limited, and Fujitsu Microelectronics, Inc., Third Party Defendants.

No. 84 C 1772.

United States District Court, N.D. Illinois, E.D.

April 24, 1985.

Harold J. McElhinny, Portia R. Moore, Morrison & Foerster, San Francisco, Cal., Warren S. Radler, Dale R. Crider, Rivkin, Leff, Sherman & Radler, Chicago, Ill., for Fujitsu Ltd.

Donald L. Mrozek, Peter D. Sullivan, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for Joseph Sieger d/b/a Sieger Associates.

## MEMORANDUM OPINION

WILL, District Judge.

At issue is the sufficiency of third party plaintiff, Sieger's, second attempted service of process on third party defendant, Fujitsu Ltd., a Japanese corporation. Fujitsu Ltd. has moved for an order dismissing this action against it. Fujitsu alleges, first, that it is not subject to personal jurisdiction in this court. Second, Fujitsu claims that service of process was insufficient because it was not made according to the Convention On The Service Of Judicial And Extrajudicial Documents In Civil Or Commercial Matters, more commonly known as the Hague Convention. 20 U.S.T. 361; T.I.A.S. No. 6638; 658 U.N.T.S. 163; *reprinted in* 28 U.S.C.A. Rules 1–11, Rule 4, (West Supp.1985 at 87–101). Finally, Fujitsu argues in the alternative that the action should be dismissed for failure to serve process within the 120 day limitation of Federal Rule of Civil Procedure 4(j). For the reasons stated below we deny Fujitsu Ltd.'s motion to dismiss.

## I

### Background

Sieger filed a third party complaint against Fujitsu Limited and its wholly

owned subsidiary, Fujitsu Microelectronics, Inc., (FMI) in Cook County Circuit Court on January 24, 1984. Service was first attempted on Fujitsu Ltd. on January 30, 1984 by serving a copy of the summons and complaint addressed to Fujitsu Limited on C.T. Corp., the registered agent in Illinois for Fujitsu Ltd.'s wholly owned subsidiary, FMI. C.T. Corp. is not the registered agent of Fujitsu Ltd. in Illinois. The case was removed to federal court on February 28, 1984. On March 5, 1984 Fujitsu Ltd. answered Sieger's original third party complaint and raised, among others, the affirmative defenses of lack of personal jurisdiction, insufficient service of process and the statute of limitations. The parties stipulated that Fujitsu Ltd.'s participation in discovery would not be deemed a waiver of its claims of lack of personal jurisdiction or insufficient service of process.

On July 30, 1984 Fujitsu Ltd. made a 12(b) motion to dismiss solely on the basis of insufficient service of process. In its briefs on the motion Fujitsu explicitly abandoned its claim that it was not subject to personal jurisdiction in this court.

The Court advised the parties orally, on December 13, 1984 that Fujitsu Ltd. was subject to personal jurisdiction in Illinois, but that it was not properly served. The Court also granted Sieger's oral motion for leave to attempt to serve Fujitsu Ltd., if not barred by the statute of limitations or other law.

Sieger attempted service by mail on Fujitsu Ltd. on December 18, 1984 pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii) [1] by mailing the appropriate papers to Fujitsu Ltd. in Japan, and to Fujitsu Ltd. at the offices of its agent in Illinois, FMI.

On December 19, 1984 Fujitsu Ltd. sent a telex to FMI reaffirming its position that FMI had no authority to act as Fujitsu Ltd.'s agent or to accept service of process on behalf of Fujitsu Ltd. The telex went on to instruct FMI not to accept service of process on behalf of Fujitsu Ltd. This court issued a Memorandum Opinion on December 21, 1984 in line with the oral ruling given on the thirteenth. We held that Fujitsu Ltd. was subject to personal jurisdiction in Illinois because it was doing business in Illinois through FMI, and that FMI was an appropriate agent of Fujitsu Ltd. to receive service of process on Fujitsu Ltd.'s behalf. We granted Fujitsu Ltd.'s motion to dismiss because, under Illinois law, service on the registered agent of an agent is not sufficient service on the principal. However, we granted Sieger leave to serve Fujitsu Ltd. again, if not barred by the statute of limitations or other law, and held that service of process on Fujitsu Ltd. could be accomplished by serving its agent, FMI, at FMI's Illinois office.

Neither acknowledgement form served under Rule 4(c)(2)(C)(ii) was returned to Sieger within 20 days. On January 24, 1985 we granted Sieger's motion to appoint a special process server to serve Fujitsu Ltd. because Fujitsu Ltd. had admittedly received, but refused to return the acknowledgement form. We ordered Sieger to obtain service on Fujitsu Ltd., if at all, by February 5, 1985.

On January 30, 1985 the special process server delivered a copy of the summons and third party complaint to Fujitsu Ltd. c/o FMI at FMI's Illinois office. The process server left the process with Kathy

---

**1.** Fed.R.Civ.P. 4(c)(2)(C) provides:

(C) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—

    (i) pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State, or

    (ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage

prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

Learn, who did not give her name but identified herself as the one in charge of the office and able to accept service on behalf of FMI. She refused to take the process when she discovered that it was addressed to Fujitsu Ltd., and the process server left it on her desk. After this motion was filed Sieger also apparently attempted to have process served on Fujitsu Ltd. by the Central Authority appointed for such purpose by the Japanese Government under the terms of the Hague Convention.

## II

Fujitsu Ltd. now contends that this action should be dismissed because: (1) this court lacks jurisdiction over its person; (2) Sieger's second attempted service was insufficient because it failed to comply with the terms of the Hague Convention; (3) if the Hague Convention does not apply, service was not in accordance with Rule 4 of the Federal Rules of Civil Procedure for service on a foreign corporation; and (4) that Sieger failed to serve process within the 120 day limitation of Rule 4(j). Fujitsu Ltd. is wrong on the merits of each of their contentions, and has waived all of these jurisdictional defenses except number (3) above. For these reasons its motion to dismiss is denied.

■ Fujitsu Ltd. was properly served by Sieger on January 30, 1985 when the special process server delivered the summons and complaint for Fujitsu Ltd. to Kathy Learn at FMI's Illinois office. Any defense or objection based on lack of jurisdiction over the person or insufficiency of service of process is waived if the party has previously made a Rule 12(b) motion, but omitted therefrom any such defense or objection which was then available to him. Fed.R.Civ.P. 12(g) & (h).[2] Fujitsu Ltd. made a 12(b) motion to dismiss on July 30, 1984. At that time Fujitsu Ltd. based its motion solely on insufficiency of service of process, and in its briefs explicitly waived its defense based on lack of personal jurisdiction. The only objection to the first attempted service was that it did not comply with the relevant provisions of Illinois law for service of process on a foreign corporation. Fujitsu Ltd. could have, but did not raise the issue of compliance with the Hague Convention. If the Hague Convention applies at all, it applied then. If the Hague Convention applies, that first attempted service was insufficient on that basis as well. Failure to raise the objection in the first Rule 12(b) motion constitutes a waiver of the issue under Rule 12(h) and (g). Likewise, when the first motion was made more than 120 days had passed since Sieger filed its third party complaint, therefore, Fujitsu Ltd. could have, but did not raise its Rule 4(j)[3] defense.

■ Rule 12 requires a defendant who wishes to raise jurisdictional defenses to raise them all when he makes his first

---

**2.** Fed.R.Civ.P. 12(g) and (h) provide in relevant part:

> **(g) Consolidation of Defenses in Motion.** A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.
>
> **(h) Waiver or Preservation of Certain Defenses.**
> (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or

> (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course....

**3.** Fed.R.Civ.P. 4(j) provides:

> **(j) Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

defensive move. "The Rule ... is intended to eliminate unnecessary delays at the pleading stage of a case by avoiding the piecemeal consideration of pretrial motions." *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir.1978). The failure to raise an objection which could have been raised in a previous 12(b) motion constitutes a waiver of that issue. *See e.g. Sunn Classic Pictures Inc. v. Budco Inc.*, 481 F.Supp. 382, 388 n. 2 (E.D.Pa.1979).

Once Fujitsu Ltd. waived the defense of lack of jurisdiction over the person, as it clearly did in its brief to its first motion to dismiss, Rule 12(g) prevents the defense from being revitalized. *See e.g. Rowley v. McMillan*, 502 F.2d 1326, 1332–33 (4th Cir. 1974). Likewise, by failing to raise its objection to service based on the Hague Convention in the previous motion, when that objection was clearly available to it, Fujitsu Ltd. has waived that objection to the sufficiency of service of process. If Fujitsu Ltd. had raised the issue, even generally, in its prior motion, and the second attempted service failed to comply with some particular of the Convention, then Fujitsu Ltd. would not now be barred from asserting that as a defense to the second attempted service. *See Rivers v. Stihl Inc.*, 434 So.2d 766 (Ala.1983). Unlike this case, in *Rivers* the defendant's previous motion to dismiss had raised the requirements of the Hague Convention in general terms. Subsequent motions raised the plaintiff's failure to comply with particular technicalities of the Convention in plaintiff's subsequent attempts at service. The court held that the defendant could not be expected to anticipate defenses to attempts at service not yet made, or objections which were not previously available to the defendant. *Id.* at 770.

■ Finally, Fujitsu Ltd. has also waived its objection to the sufficiency of service of process based on Rule 4(j). Sieger filed its third party complaint on January 24, 1984, and the action was removed to federal court on February 28, 1984. However, Fujitsu Ltd. made its 12(b) motion to dismiss on July 30, 1984, well past the 120 day limit. Thus, Fujitsu Ltd. could have, but did not object to the sufficiency of service of process based on Rule 4(j). It is true that on its own initiative the Court could have dismissed the action as to Fujitsu Ltd. without prejudice. We did, in fact dismiss the action as to Fujitsu Ltd. on December 21, 1984, though on other grounds. The effect of that dismissal is the same as a dismissal under 4(j), without prejudice. We did grant leave for Sieger to attempt to serve Fujitsu again, if not barred by the statute of limitations or other law. That is essentially the effect of a 4(j) dismissal without prejudice. In neither case would the date of service relate back to the original date the third party complaint was filed, rather it would run from the date process was actually served, after the dismissal. We granted leave to attempt service because Fujitsu Ltd. has fully participated in the pretrial proceedings, including discovery and will not be prejudiced, and because it would not delay the date of trial. Also, judicial economy demands that actions based on the same set of operative facts be litigated together if possible.

### III

Even if Fujitsu Ltd. had not waived its objections to Sieger's second attempted service, its objections are without merit.

#### In personam jurisdiction

■ Because it was necessary to our holding on the sufficiency of the previous service of process we determined that Fujitsu Ltd. was subject to this court's *in personam* jurisdiction since it is doing business in Illinois through its agent FMI. Mem. Op., December 21, 1984 at 6. We also held that FMI was a proper agent in Illinois for service of process on Fujitsu Ltd., *Id.* at 15 & n. 5, but that service on FMI's registered agent was insufficient service on Fujitsu Ltd., though service of process directed to Fujitsu Ltd. and served on an appropriate person at FMI's Illinois office would be proper service on Fujitsu Ltd. under Illinois law. Thus, though Fujitsu Ltd. seems to continue to assert that it is not subject to *in personam* jurisdiction

of this Court, that issue has been settled by our previous opinion as well as having been waived.

### The Hague Convention

■ The purpose of the Hague Convention is to create a simplified and expedited procedure, and an "appropriate means to ensure that judicial and extrajudicial documents *to be served abroad* shall be brought to the *notice* of the addressee in sufficient time." Hague Convention, preamble (emphasis added). The Convention applies "in all cases, in civil or commercial matters, *where there is occasion to transmit a judicial or extrajudicial document for service abroad.*" Hague Convention, Art. 1 (emphasis added). The Convention sets out specific procedures to be followed in accomplishing such service. However, Article 10 provides that if the "State of destination does not object, the present Convention shall not interfere with —(a) the freedom to send judicial documents by postal channels, directly to persons abroad." [4] Japan has not objected to mail service under Article 10(a), though it has objected to service under 10(b) and (c). Hague Convention at n. 12.

Service by mail pursuant to Rule 4(c)(2)(C)(ii), as was attempted by Sieger on December 18, 1984, is not contrary to the Hague Convention as adopted by Japan. *See Shoei Kako Co., Ltd. v. Superior Court, San Francisco,* 33 Cal.App.3d 808, 820–22, 109 Cal.Rptr. 402, 410–12 (1973); *see also Tamari v. Bache & Co. (Lebanon) S. A. L.,* 431 F.Supp. 1226, 1228–29 (N.D. Ill.), *aff'd,* 565 F.2d 1194 (7th Cir.1977), *cert. denied,* 435 U.S. 905, 98 S.Ct. 1450, 55 L.Ed.2d 495 (1978); *accord Chrysler Corp. v. General Motors Corp.,* 589 F.Supp. 1182, 1206 (D.D.C.1984). In *Shoei Kako* the court pointed out that the Convention

"purports to deal with the subject of service abroad of judicial documents. The reference [in Article 10] to 'the freedom to send judicial documents by postal channels, directly to persons abroad' would be superfluous unless it was related to the sending of such documents for the purpose of service.... Moreover, the reference appears in the context of other alternatives to the use of the 'Central Authority' created by the treaty." *Shoei Kako,* 33 Cal.App.3d at 821, 109 Cal.Rptr. at 411.

The court concluded that the provisions of the convention do not prevent a state court's exercise of jurisdiction in an action where the court has jurisdiction over a party arising from the nature of the claim asserted and notice has been given by mail service accompanied by a receipt for delivery. Judge Grady concurred in the California court's rationale in his opinion in *Tamari.* He quoted *Shoei Kako:* "If it be assumed that the purpose of the convention is to establish one method to avoid the difficulties and controversy attendant to the use of other methods ... it does not necessarily follow that other methods may not be used if effective proof of delivery can be made." *Tamari,* 431 F.Supp. at 1228, *citing Shoei Kako,* 33 Cal.App.3d at 821, 109 Cal.Rptr. at 411.

By its terms the "Hague Convention is applicable only to attempts to serve process in foreign countries ... [It does not] control attempts to serve process on foreign corporations or agents of foreign corporations within the State of origin." *Lamb v. Volkswagenwerk Aktiengesellschaft,* 104 F.R.D. 95, 97 (S.D.Fla.1985). In *Lamb,* as in this case, service of process was entirely accomplished within the United States by serving the agent of the foreign defendant. The court found that the Hague Conven-

---

**4.** Article 10 of the Hague Convention provides:

Article 10

Provided the State of destination does not object, the present Convention shall not interfere with—

(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

(b) the freedom of judicial officers, officials or other competent persons of the State of ori-

gin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

tion was inapplicable in determining the validity of service of process under a common law agency theory when the foreign corporation or its agent is located and served within the United States. Since we have held that FMI is the agent of Fujitsu Ltd. for the purpose of effecting valid service of process on Fujitsu Ltd. the only real question is whether service, as attempted, is sufficient under Rule 4.

■ We note also that, since we have held that FMI is Fujitsu Ltd.'s agent for service of process, Fujitsu Ltd. had no valid reason to refuse to return the acknowledgement sent with Sieger's attempted mail service pursuant to Rule 4(c)(2)(C)(ii). Nor did FMI have a valid reason to refuse to either return the acknowledgement as agent of Fujitsu Ltd. or forward the process to Fujitsu Ltd. so that it could return the acknowledgement. Fujitsu Ltd.'s right to appeal our previous ruling has been preserved. Since no valid reason exists for failing to return the acknowledgement, Fujitsu Ltd. must pay the costs of the personal service by the special process server on January 30, 1985.

■ Congress provided the current procedure under 4(c)(2)(C)(ii), mail service followed by acknowledgement or personal service, "to insure that defendant would always receive actual notice." *Morse v. Elmira Country Club*, 752 F.2d 35, 41 (2d Cir.1984). A received but unacknowledged mail service is effective even without the second personal service called for by the rule. Plaintiff can not make proof of service under Rule 4(g) without the subsequent personal service but that does not affect the validity of the service. *Id.* at 39–40. "The apparent purpose of the second service—to provide a foundation for the return—is another indication that it is irrelevant for valid and effective service." *Id.* at 40. As the second Circuit points out: "Congress would have no ground for providing that proper and known mail service would become ineffective simply because the defendant, without reason, acted like the dog in the manger" by refusing to return the acknowledgement. *Id.*

Since Fujitsu Ltd. admits that it knew of the mail service and did receive it (Fujitsu Ltd. attached to its brief a copy of the acknowledgement form which it refused to return), it cannot now claim that such service is ineffective merely because it refused to return the acknowledgement. In order to prove the service, Sieger was required to make the second personal service. This was done on January 30, 1985 by delivering the process for Fujitsu Ltd. to Kathy Learn at FMI's Illinois office.

### Service under Rule 4

■ Fujitsu Ltd.'s last line of defense is that Sieger's second personal service on Kathy Learn did not comply with rule 4(d)(3)[5] as is required by the second sentence of Rule 4(c)(2)(C)(ii). The basis of this objection is that Kathy Learn is allegedly not an officer, a managing or general agent, or an agent authorized by appointment or by law to receive service of process. *See* Fed.R.Civ.P. 4(d)(3). This contention is without merit. Learn is a sales assistant at FMI's Illinois office. She has worked there for over five years, and her immediate supervisor is FMI's regional manager, the highest ranking employee of FMI in Illinois. Learn responded to the process server that she was in charge of the office, and that she would accept service for her company. She refused to voluntarily accept service on behalf of Fujitsu

---

5. Fed.R.Civ.P. 4(d)(3) provides:

 **(d) Summons and Complaint: Person to be Served.**
 The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
 ...
  (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Ltd. because she allegedly lacked the authority. The process was left with her.

Learn is a long time employee of FMI, and is admittedly "in charge of the office." As such she is clearly a managing or general agent within the meaning of Rule 4(d)(3). *See Waukesha Cutting Tools, Inc. v. New Jersey Life Ins. Co.,* 563 F.Supp. 614, 620 (E.D.Wis.1983); *Manchester Modes, Inc. v. Lilli Ann Corp.,* 306 F.Supp. 622, 626 (S.D. N.Y.1969); *Union Asbestos & Rubber Co. v. Evans Products Co.,* 328 F.2d 949 (7th Cir.1964) (upholding service on a secretary under Rule 4(d)(3) where defendant immediately received notice of the service).

Learn is a person whose position is one of sufficient responsibility so that it is reasonable to assume that she will transmit notices to her superiors, and it is clear that Fujitsu Ltd. actually received notice. In fact, Fujitsu, Ltd. received notice of the action when service was attempted through C.T. Corporation on January 30, 1984. Thus, service on Learn at FMI's Illinois office was sufficient service on Fujitsu Ltd. under Rule 4(d)(3).

The cases relied upon by Fujitsu Ltd. are not pertinent to the facts of this case. Moreover, service on any agent authorized by law is appropriate under Rule 4(d)(3). In our December 21, 1984 Memorandum Opinion we found that FMI was authorized, under Illinois law, to accept service of process for Fujitsu Ltd. Thus, FMI is deemed to be the agent for Fujitsu Ltd. by law. Illinois Code of Civil Procedure § 2–204 authorizes service on a corporation by serving any agent of the corporation. Learn is clearly an agent of FMI, and thus a proper recipient of service of process on Fujitsu Ltd. under Rule 4(d)(3).

Serving Fujitsu Ltd. by delivering the process to Learn at FMI's Illinois office is valid under Federal Rule 4(c)(2)(C)(i), which authorizes service upon a corporation pursuant to the law of the state in which the district court is held.

### Conclusion

For the reasons stated above, Fujitsu Ltd.'s motion to dismiss is denied. Fujitsu Ltd. has been properly served, and is prop-

erly before this Court. We deny Fujitsu Ltd.'s motion to vacate our previous decision ordering it to pay the costs of personal service which it made necessary by its "dog in the manger" conduct.