Clark DEAN, Jayanti Ankola, Becom's Inc., an Indiana corporation, Carroll Hansen Drugs, Inc., an Illinois corporation, Jerry Dwyer, Stephen H. Freed, Garpdon, Inc., an Illinois corporation, Leroy F. Hart, Richard L. Horton, Phyllis J. Horton, Betty Jones, Mohamed Khanani, Harpaljit Manchanda, S.C. Merchant, Safin Merchant, Salim Merchant, John C. Minick, Faye K. Minick, Teresa Musick, One Stop Pharmacy, Inc., an Illinois corporation, Doung K. Park, Janak Patel, Navin Patel, Vinodbhai Patel, Duane Petty, Claude E. Richmond, Adil Sherali, Frank Snyder, Snyder's Schaumburg Drugs, Inc., an Illinois corporation, Kirk Tolley, Frederick White, and James A. Younk, Plaintiffs,

v.

KIS CORPORATION, a Delaware corporation, KIS S.A., a French corporation, Sogelease Corporation, a New York corporation, Societe Generale, a French corporation, Serge Crasnianski, Peter Burgess, and Philip Frank, Defendants.

No. 87 C 5833.

United States District Court, N.D. Illinois, E.D.

July 8, 1988.

Donald T. Bertucci, Thomas A. Corfman, Chicago, Ill., for plaintiffs.

Kendall R. Meyer, Randall S. Rapp, Keith J. Shuttleworth, Wilson & McIlvaine, Chicago, Ill., for defendant KIS Corp.

Gary W. Leydig, Kearney W. Kilens, Hinshaw, Culbertson Moelmann, Hoban & Fuller, Chicago, Ill., for defendants Sogelease Corp. and Societe Generale.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiffs have filed a motion for entry of default judgment pursuant to Fed.R.Civ.P. 54(b) and 55(b)(2) against defendants KIS, S.A., Serge Crasnianski, Peter Burgess, and Phillip Frank ("the defendants"). In response, defendants have filed a motion for sanctions pursuant to Fed.R.Civ.P. 11. For the reasons set forth below, both motions are denied.

1. This motion was not directed against defendants Sogelease Corporation and Societe Generale. In addition, this motion has already been denied as to defendant KIS Corporation.

2. Plaintiffs' attempts to effect service upon the three individual defendants in such a manner is

## I. *Plaintiffs' Motion for Default Judgment*

On June 30, 1987, plaintiffs filed a complaint against seven defendants. This motion is directed against only five of the defendants.[1] The threshold question is whether plaintiffs properly served those defendants under Fed.R.Civ.P. 4(c)(2)(C)(ii). In relevant part, that rule provides:

> A summons and complaint may be served upon a defendant ... by mailing a copy of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgement of service under this subdivision of the rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3) [personal or abode service].

Fed.R.Civ.P. 4(c)(2)(C)(ii).

In this case, plaintiffs attempted to effect service upon the corporate defendants, as well as the individual defendants, by mailing copies of the appropriate documents, together with an acknowledgement form, to each defendant at KIS Corporation's office address in Somerset, New Jersey.[2] The acknowledgement forms were not returned within 20 days of the initial mailing. Nonetheless, plaintiffs did not effect personal or abode service upon the defendants as required by the second sentence of Rule 4(c)(2)(C)(ii).

Plaintiffs now argue that mere receipt of the acknowledgement, resulting in "actual notice" of the lawsuit, renders service effective under Rule 4(c)(2)(C)(ii). Specifically, plaintiffs claim that defendants' counsel's subsequent oral acknowledgement of receipt of summons and complaint, without

curious indeed. Plaintiffs have admitted that they were advised that neither Frank nor Burgess was employed at KIS and plaintiffs have never alleged that Crasnianski was ever employed at KIS.

more, satisfies the requirements of the rule. We disagree.

The plain language of the rule persuades us that plaintiffs' position is incorrect. The rule requires personal or abode service when an acknowledgement is not returned within 20 days of mailing. The acknowledgement proves actual notice, which is required before a default judgment may be entered. Thus, service under Fed.R.Civ.P. 4(c)(2)(C)(ii) is not effective without return of the acknowledgement form or another authorized method of service.

This interpretation of the rule is followed by a majority of courts. *See, e.g., Stranahan Gear Co., Inc. v. NL Industries, Inc.,* 800 F.2d 53 (3rd Cir.1986); *Norlock v. City of Garland,* 768 F.2d 654 (5th Cir.1985); *Armco, Inc. v. Penrod–Stauffer Bldg. Systems, Inc.,* 733 F.2d 1087 (4th Cir.1984). Although the Seventh Circuit has not addressed this issue, at least two lower courts within this circuit have. *See Coldwell Banker & Co. v. Eyde,* 661 F.Supp. 657 (N.D.Ill.1986); *Zisman v. Sieger,* 106 F.R.D. 194 (N.D.Ill.1985).[3] At first glance, these opinions appear to be contrary.

In *Coldwell Banker,* the plaintiff attempted to serve the defendants by mailing the appropriate documents on September 17, 1985. The documents were not actually delivered to the defendants until October 7, 1985, approximately 20 days after the initial mailing. The documents were actually received, but not timely acknowledged. On these facts, the court held that service was ineffective under Rule 4(c)(2)(C)(ii). In arriving at this conclusion, the court relied on the plain language of the rule, as well as its underlying legislative history. *See Coldwell Banker,* 661 F.Supp. at 658–59 n. 5. The rule itself makes proper service contingent upon the return of the acknowledgement form within 20 days of mailing and requires some alternative form of personal service if no acknowledgement form is returned within 20 days. *See* Fed.R.Civ. P. 4(c)(2)(C)(ii); *see also Coldwell Banker,*

661 F.Supp. at 658–59. Likewise, the legislative history clearly mandates that "if the proper person receives the notice and fails to return the acknowledgement form, another method of service authorized by law is required." 128 Cong.Rec. H9850 (daily ed. Dec. 15, 1982) (statement of Rep. Edwards), *reprinted in Service Under Amended Rule 4,* 96 F.R.D. at 119; *Coldwell Banker,* 661 F.Supp. at 658–59 n. 5.

In *Zisman,* the third-party plaintiff attempted to serve one of the third-party defendants, a Japanese corporation, by mailing the appropriate documents to the Japanese corporation's offices in Japan and to its wholly owned subsidiary's offices in the United States. Although the Japanese corporation received the documents, it failed to return either acknowledgement form within 20 days of the initial mailing. As a result, the third-party plaintiff hired a special process server to personally serve the Japanese corporation by serving an agent at the offices of its wholly owned subsidiary in Illinois. Unlike the instant case, at issue in *Zisman* was whether the *second personal service* attempt on the agent of the wholly owned subsidiary complied with the *second* sentence of Rule 4(c)(2)(C)(ii) (which requires another authorized method of service if no acknowledgement is returned). The court in *Zisman* concluded that personal service on the agent of the wholly owned subsidiary satisfied the second sentence of the rule. In addition, although the issue was not before it, the court noted in dictum that a received, but unacknowledged, mail service is effective even without the second personal service called for by the rule. Thus, while the result reached in *Zisman* conforms to the technical requirements of the rule, the dictum in *Zisman* suggests that something less than technical compliance with the rule is sufficient.

Although this Court agrees with the result in *Zisman,* we disagree with the dic-

---

**3.** Plaintiffs also rely on another case within this district, *Jaffe v. Federal Reserve Bank of Chicago,* 100 F.R.D. 443 (N.D.Ill.1983), to support their interpretation of the rule. *Jaffe,* however, is easily distinguishable from this case. In

*Jaffe,* the defendants, who were served at work, *returned* the acknowledgement form within 20 days of mailing. That is not the case here. Thus, plaintiffs' reliance on *Jaffe* is inapposite.

tum suggesting that mail service is effective under Rule 4(c)(2)(C)(ii) if the appropriate documents are actually received, but not acknowledged. The authority for this dictum is *Morse v. Elmira Country Club,* 752 F.2d 35 (2d Cir.1984), a case cited by plaintiffs in support of the instant motion. The *Morse* decision, however, is predicated upon equitable considerations which are not present in this case. In any event, the *Morse* decision fails to provide a reasoned interpretation of the rule. For that reason, like the court in *Coldwell Banker,* we find the *Morse* decision unpersuasive. *See Coldwell Banker,* 661 F.Supp. at 659.

We follow the court in *Coldwell Banker* and expressly hold that a defendant's failure to return an acknowledgement form within 20 days of the initial mailing, despite actual receipt of the appropriate documents, renders service ineffective under Rule 4(c)(2)(C)(ii). If the acknowledgement form is not returned within 20 days of the initial mailing, then the plaintiff is required to effect service using some other authorized method.

Plaintiffs argue that allowing defendants to ignore the return of the acknowledgement form and requiring plaintiffs to obtain personal service will nullify the rule. Yet, Rule 4(c)(2)(D) avoids that pitfall. Under that provision, unless a defendant establishes good cause for failing to make timely return of the acknowledgement, the court shall order the payment of the costs of personal service by the person served. Fed.R.Civ.P. 4(c)(2)(D). *See, e.g., Sally Beauty Company, Inc. v. Nexxus Products Company, Inc.,* 578 F.Supp. 178 (N.D. Ill.1984).

In spite of plaintiffs' urging, the Court has determined that plaintiffs failed to effect proper service on these defendants. Without proper service, this Court cannot enter a default judgment against the defendants. Consequently, plaintiffs' motion for entry of default judgment is denied.

## II. *Defendants' Motion for Sanctions*

As the foregoing discussion demonstrates, there is existing law supporting plaintiffs' motion for entry of default judgment. Furthermore, it can hardly be said that the issue of whether Rule 4(c)(2)(C)(ii) requires return of acknowledgement or alternative service has been conclusively determined by the Seventh Circuit. Thus, although plaintiffs did not prevail on the merits of their motion, there was a colorable legal basis to move for entry of default judgment. That satisfies the requirements of Fed.R.Civ.P. 11.[4] *See Magnus Electronics, Inc. v. La Republica Argentina,* 830 F.2d 1396, 1405 (7th Cir.1987) (colorable legal claim avoids Rule 11 sanctions). Defendants have offered no evidence that plaintiffs filed this motion for an otherwise improper purpose under Rule 11.[5] Accordingly, defendants' motion for sanctions is denied.

## III. *Conclusion*

For the reasons stated, the Court denies both plaintiffs' motion for entry of default judgment pursuant to Fed.R.Civ.P. 54(b) and 55(b)(2) and defendants' motion for sanctions pursuant to Fed.R.Civ.P. 11.

**4.** Rule 11 provides in relevant part:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee. Fed.R.Civ.P. 11.

**5.** While plaintiffs' filing of such a motion might offend traditional notions of professional courtesy, it does not contravene the provisions of Rule 11.