**Michael A.S. GUTH, Plaintiff,**

v.

**Kay J. ANDERSEN, Donald Kennedy, Barbara Green, Western Association of Schools and Colleges, Defendants.**

**No. C-87-0731 SAW.**

United States District Court, N.D. California.

Jan. 21, 1988.

Michael A.S. Guth, in pro. per.

Hanson, Bridgett, Marcus, Vlahos & Rudy, Robert L. Rusky, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

The sole question now before the Court relates to provisions of the Federal Rules of Civil Procedure governing service of summons and complaints. Defendants Kay J. Andersen, Donald Kennedy, Barbara Green and the Western Association of Schools and Colleges appear specially to move for dismissal of this action under Federal Rule of Civil Procedure 4(j) on the ground that plaintiff has failed to effect service within 120 days of filing the action. Plaintiff Michael A.S. Guth moves for entry of judgment by default under Federal Rule of Civil Procedure 55(a).

Guth filed his complaint on February 26, 1987. On March 3, 1987, he sent the complaint, summons, and two acknowledgment forms to defendant Green by third-class mail. Green did not return the forms. On June 20, 1987, plaintiff sent all defendants copies of the complaint and summons by first-class mail without including acknowledgment forms or return envelopes.

Defendants contend that the first attempt to serve by mail under Federal Rule 4(c)(2)(C)(ii) was defective because the materials were sent third class instead of first class, and that the second attempt was deficient because Guth did not enclose an acknowledgment form and a postage-paid return envelope.[1] Defendants further contend that service by mail is not sufficient unless acknowledged; if no acknowledg-

ment is made, defendants must be served personally.

Currently, the circuits are split on whether service under Rule 4(c)(2)(C)(ii) is sufficient if the defendants have actual notice, or whether service is effected only upon acknowledgment or personal service. *See Morse v. Elmira Country Club*, 752 F.2d 35, 40 (2nd Cir.1984) (notice sufficient); *Lee v. Carlson*, 645 F.Supp. 1430, 1432 (S.D.N.Y.1986) (service effective even though no acknowledgment form and return envelope), *aff'd* 812 F.2d 712 (2nd Cir.1987); *but see Combs v. Nick Garin Trucking*, 825 F.2d 437 (D.C.Cir.1987) (acknowledgment required); *Green v. Humphrey Elevator and Truck Co.*, 816 F.2d 877 (3rd Cir.1987) (acknowledgment required); *United States v. Gluklich*, 801 F.2d 834 (6th Cir.1986) (legislative history supports acknowledgment requirement); *Delta Steamships Lines, Inc. v. Albano*, 768 F.2d 728 (5th Cir.1985) (legislative history indicates Rule 4(c)(2)(C)(ii) is an integrated provision for establishing *in personam* jurisdiction and service of process); *Armco, Inc. v. Penrod–Stauffer Building Systems, Inc.*, 733 F.2d 1087 (4th Cir.1984) (plain requirements may not be ignored).

The Ninth Circuit has not decided this issue. It has stated that courts should "liberally construe" the requirements of Rule 4 when the defendants have actual notice and that they should "generally be more solicitous of the rights of *pro se* litigants" within this context. *United Food and Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984); *Borzeka v. Heckler*, 739 F.2d 444, 447 n. 2 (9th Cir.1984); *see also Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986) (substantial compliance with Rule 4 required to obtain personal jurisdiction).

In the instant case, defendants do have actual notice of this action through the June 20, 1987 mailings and plaintiff is pro-

---

**1.** Federal Rule 4(c)(2)(C)(ii) provides in part: A summons and complaint may be served upon a defendant ... by mailing a copy of the summons and the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to

form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision is received by the sender within 20 days after the date of mailing, service of the summons and complaint shall be made under subparagraph (A) or (B) of this paragraph....

ceeding *pro se.* Nonetheless, Rule 4(c)(2)(C)(ii) is explicit on the requirements for effecting service by mail, and liberal construction cannot override the Rule's plain requirements. *Combs,* 825 F.2d at 466. Further, the legislative history indicates that Congress intended unacknowledged mail service to be ineffective. *See* 128 Cong.Rec. H9850 (December 15, 1982) (appendix to statement of Rep. Edwards), *reprinted in* 1982 U.S.CODE CONG. & ADMIN.NEWS 4434, 4439–40.

Moreover, plaintiff's shortcomings in meeting the requirements of Rule 4(c)(2)(C)(ii) are not mere technical violations which might be waived under appropriate circumstances. *See Borzeka,* 739 F.2d at 446 (mail service on United States rather than personal service); *United Food,* 736 F.2d at 1382 (summons fails to name all defendants or specifies incorrect time for filing of answer). Rather, plaintiff's failure to personally serve defendants after service by mail was not acknowledged goes to the very heart of the requirements of Rule 4.

Even assuming plaintiff had substantially complied with Rule 4, he has not satisfied the *Borzeka* test for waiver of minor defects in service. 739 F.2d at 447. First, there is no evidence of severe prejudice to plaintiff if the complaint is dismissed. The statute of limitations has not run, and plaintiff can revive his suit by proper service. Nor has plaintiff shown any justifiable excuse for failure to serve properly. Even though plaintiff is proceeding *pro se,* he has been made aware of the requirements of Rule 4 both by communications from defendants' counsel and by earlier orders of this Court. Guth has had ample opportunity to effect proper service, but simply has chosen not to do so.

In fine, because defendants have not acknowledged service by mail under Rule 4(c)(2)(C)(ii) nor been personally served by plaintiff, service has not been effected within 120 days of filing this action as required by Rule 4(j).

Accordingly,

IT IS HEREBY ORDERED that:

(1) Plaintiff's complaint is dismissed without prejudice;

(2) Plaintiff's motion for entry of judgment by default is denied.