**M. Thora WORRELL,
Plaintiff–Appellant,**

v.

**B.F. GOODRICH COMPANY,
Defendant–Appellee.**

**No. 86–2788.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 26, 1988.[*]

Decided April 27, 1988.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

M. Thora Worrell, in pro per.

William Gaus, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant-appellee.

Before SKOPIL, SCHROEDER and ALARCON, Circuit Judges.

SKOPIL, Circuit Judge:

Thora Worrell appeals pro se the district court's order dismissing her Fed.R.Civ.P. 60(b) action. She contends the district court erred in not granting her request for a default judgment. We affirm.

## DISCUSSION

Worrell commenced this action by filing an amended complaint seeking relief under Rule 60(b) from a 1978 judgment. Pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii), she sent a copy of the complaint and summons, with a notice and acknowledgment of service, by certified mail to Goodrich's attorney. The attorney signed the acknowledgment and mailed it back to Worrell within the twenty days specified by that rule.

Worrell thereafter twice sought default judgments, claiming that Goodrich failed to file a responsive pleading to her complaint within the twenty-day period provided by Fed.R.Civ.P. 12(a). The clerk refused to enter default judgments since the twenty-day response time provided by Rule 12(a), when measured from the date Goodrich's attorney signed the acknowledgment, had not expired. Worrell contends that Rule 12(a)'s twenty-day response period begins on the date of receipt of the complaint and summons by counsel. Thus we must decide whether Goodrich's motion to dismiss, filed within twenty days of its acknowledgment of the complaint and summons, but well beyond twenty days from receipt of the complaint and summons, satisfied the response requirements of Rule 12(a).

Process by mail and acknowledgment was adopted in 1983. Rule 4(c)(2)(C)(ii) provides that a plaintiff may serve a defendant by mail by sending copies of the complaint and summons, together with two copies of a notice and acknowledgment form. The rule plainly states that service fails unless the defendant returns the signed acknowledgment form. Virtually every court that has examined the rule has reached that same interpretation. *E.g., Combs v. Nick Garin Trucking*, 825 F.2d 437, 443 (D.C.Cir.1987); *Green v. Humphrey Elevator and Truck Co.*, 816 F.2d 877, 882 (3d Cir.1987); *Guth v. Andersen*, 118 F.R.D. 502, 504 (N.D.Cal.1988); *Southern Pride, Inc. v. Turbo Tek Enterprises, Inc.*, 117 F.R.D. 566, 569–70 (M.D.N.C. 1987). *But see Morse v. Elmira County Club*, 752 F.2d 35, 39 (2d Cir.1984) (rule does not void a received-but-unacknowledged mail service).

Effective mail service under Rule 4(c)(2)(C)(ii) thus depends on the cooperative response of the defendant. That result, as one court noted, "was not adopted through inadvertence." *Coldwell Banker & Co. v. Eyde*, 661 F.Supp. 657, 658 (N.D. Ill.1986). Rather, Congress carefully structured the Rule to insure that default judgments would not be entered without proof of actual notice. *See id.* at 658–59 & n. 5 (examining legislative history). When the acknowledgment is timely returned, service is complete. When it is not returned, the rule provides that other methods of service must be employed. *Id.* at 658. Thus, even though the defendant receives actual notice by mail, there is no valid service unless the acknowledgment is

timely returned. *Armco, Inc. v. Penrod–Stauffer Bldg. Systems,* 733 F.2d 1087, 1089 (4th Cir.1984).

That service is not deemed complete until the signed acknowledgment is timely returned supports a conclusion that the twenty-day response period provided by Rule 12(a) does not begin until the acknowledgment is made. The few courts that have considered this issue have reached this same conclusion. *See, e.g., Blair v. Zimmerman,* No. 86–7037 (E.D.Pa. March 31, 1987) [available on WESTLAW, 1987 WL 8826]; *Rust v. Kansas City,* 107 F.R.D. 370, 371 (W.D.Mo.1985); *Madden v. Cleland,* 105 F.R.D. 520, 525 (N.D.Ga.1985). Moreover, this result is consistent with the several courts that have held the act of mailing a complaint and summons to a defendant does not constitute "service" for purposes of complying with Rule 4(j)'s 120-day limitation on service. *See, e.g., Green,* 816 F.2d at 879–81; *Scarton v. Charles,* 115 F.R.D. 567, 569 (E.D.Mich.1987); *Red Elk v. Stotts,* 111 F.R.D. 87, 89 (D.Mont. 1986).

Hence we hold that service of process is effective under Rule 4(c)(2)(C)(ii) on the date the acknowledgment is signed (if timely returned) and the twenty-day response time provided by Rule 12(a) commences on that date. Worrell's request for a default judgment was therefore premature and properly denied by the court. *See Rust,* 107 F.R.D. at 371 (default judgment denied without prejudice when filed before expiration of defendant's twenty-day response period measured from date of acknowledgment of mailed service).

AFFIRMED.