927 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph A. KNIGHT, Plaintiff-Appellant,
v.
CINCINNATI, NEW ORLEANS & TEXAS PACIFIC RAILROAD CO.,
Defendant-Appellee.
 No. 90-5625.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Kentucky, 90-5625, Wilhoit Jr.
 E.D.Ky.
 REMANDED.
 Before: KENNEDY and NATHANIEL R. JONES, Circuit Judges; and CHURCHILL, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiff filed this action pursuant to the Railway Labor Act, 45 U.S.C. Sec. 153(q), seeking review of the decision of the National Railroad Adjustment Board ("NRAB") in favor of defendant. The District Court concluded that the NRAB did not exceed its jurisdiction and, alternatively, that the NRAB complied with the Railway Labor Act. Plaintiff appeals. Defendant cross-appeals and contends that this action should have been dismissed pursuant to Fed.R.Civ.P. 4(j) and that the District Court lacked jurisdiction to decide this matter on the merits.
 
 
 2
 Plaintiff, Ralph Knight, was accused of sleeping while "deadheading,"[1] and was discharged after a hearing was held on October 24, 1985. After exhausting his remedies with defendant, plaintiff submitted his claim to the NRAB for review. Dissatisfied with the NRAB's decision, plaintiff filed a petition for review of the NRAB's decision in the District Court. Plaintiff, however, failed to serve defendant within 120 days as required by Fed.R.Civ.P. 4(j), or indeed at any time. Apparently unaware of this jurisdictional defect and notwithstanding defendant's failure to file a response or appear, the District Court resolved the dispute on the merits in favor of defendant and ordered the action stricken from the docket. Plaintiff filed this appeal.
 
 Fed.R.Civ.P. 4(j) states:
 
 3
 If a service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
 
 
 4
 Both parties acknowledge in their briefs that no service was obtained thus personal jurisdiction over defendant is lacking in the District Court. Plaintiff offers no explanation for its failure to serve defendant, but argues that Rule 4(j) mandates dismissal only when noncompliance is made an issue before the District Court. Plaintiff also contends that dismissal pursuant to Rule 4(j) is not mandatory, and a trial court has discretion to address the merits of a case in which the parties have not complied with Rule 4(j).
 
 
 5
 Plaintiff's arguments are not persuasive. First, Rule 4(j) makes no distinction between contested and noncontested failure to serve process. In some circumstances, a court, with the consent of the parties, may waive the consequences flowing from a violation of Rule 4(j), United States v. Gluklick, 801 F.2d 834 (6th Cir.1986) (although not served, defendant filed an answer), cert. denied, 480 U.S. 919 (1987), but we have never held that a waiver automatically occurs when the defendant fails to raise this issue in the trial court. Obviously, a party cannot raise the issue if it is unaware of the action, as in the instant case.[2] Further, defendant has not consented to a waiver of the application of Rule 4(j).
 
 
 6
 Second, courts are never free to ignore jurisdictional matters. Indeed, a court cannot proceed to the merits of a case unless it has jurisdiction over the parties. The requirement of jurisdiction, whether it be subject matter or personal, can never be ignored. "Although the federal rules should be construed liberally, 'liberal construction cannot override the Rule's plain requirements.' " N.A.A.C.P.--Special Contribution Fund v. Jones, 732 F.Supp. 791, 797 (N.D.Ohio 1990) (quoting Guth v. Andersen, 118 F.R.D. 502, 504 (N.D.Cal.1988)).
 
 
 7
 We conclude that plaintiff failed to perfect service of process pursuant to Rule 4(j) and the District Court therefore lacked personal jurisdiction over defendant. We REMAND the case to the District Court with instructions to dismiss this case.
 
 
 
 *
 The Honorable James P. Churchill, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 "Deadheading" occurs when a railroad employee is going to or returning from a job. No specific duties are assigned to a person who is deadheading but the employee is paid for this time
 
 
 [2]
 Defendant first learned of the action when it received a copy of the notice of appeal