943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Adrian J. PHILLIPS, Plaintiff-Appellant,
v.
SOUTHERN WINE & SPIRITS OF NORTHERN CALIFORNIA, INC.,
Defendant-Appellee.
 No. 90-16363.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 9, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Adrian J. Phillips appeals pro se the district court's dismissal of his Title VII action pursuant to Fed.R.Civ.P. 4(j). We review for an abuse of discretion, Wei v. Hawaii, 763 F.2d 370, 371 (9th Cir.1985), and we affirm.
 
 
 3
 Under Fed.R.Civ.P. 4(j) the district court must dismiss an action if the defendant is not served with copies of the summons and the complaint within 120 days after the filing of the complaint, unless the plaintiff can show good cause why service was not made. Pursuant to Fed.R.Civ.P. 4(d)(3), service on a corporation must be made by delivering copies of the summons and the complaint to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(c)(2)(C)(ii) provides that a defendant may be served by sending copies of the summons and the complaint, together with two copies of a notice and acknowledgment form, via first-class mail. Service by mail is not effective, however, if the defendant does not sign and return the acknowledgment form. Worrell v. B.F. Goodrich Co., 845 F.2d 840, 841 (9th Cir.1988). If the acknowledgment form is not returned within 20 days, Rule 4(c)(2)(C)(ii) requires that another method of service must be employed. Id.
 
 
 4
 Here, Phillips attempted to effect service of process by mailing copies of the summons and other documents to Thomas Harper, an attorney who had represented the defendant corporation in a previous state court action. This attempt to serve the defendant was ineffective for several reasons. First, the attempted service did not comply with Fed.R.Civ.P. 4(d)(3) because Harper was not an officer, a managing or general agent, or an agent authorized by appointment or by law to receive service of process for the corporation. Second, Phillips failed to comply with Fed.R.Civ.P. 4(c)(2)(C)(ii) because he did not include a copy of his complaint in the materials that he mailed to Harper. Finally, Harper did not return the acknowledgment form to Phillips. Therefore, service by mail was not effective and, under Rule 4(c)(2)(C)(ii), Phillips was required to employ an alternative method of service. See Worrell, 845 F.2d at 841.
 
 
 5
 Nor has Phillips shown good cause for his failure to effect service of process within the 120 day period provided by Fed.R.Civ.P. 4(j). Phillips's status as a pro se litigant does not excuse his failure to comply with the requirements of Rule 4. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986) (pro se litigants must comply with court rules). Moreover, even if Phillips had reason to believe that Harper was the defendant's agent for service of process, he has failed to show any reason why he did not (1) mail the complaint to Harper or (2) effect personal service after Harper failed to return the acknowledgment form. Finally, it appears that the statute of limitations on Phillips's employment discrimination claim may have expired. Nevertheless, even in these circumstances, Rule 4(j) requires dismissal of an action for failure to timely serve the defendant. See Wei, 763 F.2d at 372. Accordingly, the district court did not abuse its discretion by dismissing Phillips's action.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3