943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joe Allen ROBLES, Plaintiff-Appellant,
v.
R.B. THOMAS, Defendant-Appellee.
 No. 91-15439.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 6, 1991.*
Decided Sept. 9, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joe Allen Robles, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action without prejudice pursuant to Fed.R.Civ.P. 4(j). We review for an abuse of discretion, Puett v. Blanford, 912 F.2d 270, 273 (9th Cir.1990), and we affirm.
 
 
 3
 Robles filed his complaint on June 27, 1990. On August 7, 1990, the district court granted Robles in forma pauperis status and ordered the U.S. Marshal to serve the defendant pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii). On November 15, 1990, the process receipt was returned unexecuted. On December 10, 1990, the district court entered an order finding that the 120 day period for service had expired and stating that the action was subject to dismissal under Fed.R.Civ.P. 4(j). The order gave Robles until January 7, 1991, to show cause why the action should not be dismissed for failure to serve the defendant. Robles did not respond to this order, and on January 11, 1991, the district court dismissed the action without prejudice.
 
 
 4
 Under Fed.R.Civ.P. 4(j) the district court must dismiss an action without prejudice if the defendant is not served with copies of the summons and the complaint within 120 days after the filing of the complaint, unless the plaintiff can show good cause why service was not made. Fed.R.Civ.P. 4(c)(2)(C)(ii) provides that a defendant may be served by sending copies of the summons and the complaint, together with two copies of a notice and acknowledgment form, via first-class mail. Service by mail is not effective, however, if the defendant does not sign and return the acknowledgment form. Worrell v. B.F. Goodrich Co., 845 F.2d 840, 841 (9th Cir.1988). If the acknowledgment form is not returned within 20 days, Rule 4(c)(2)(C)(ii) requires that another method of service must be employed. Id. Generally, an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the United States Marshal for service of the summons and complaint after having provided the necessary information to help effectuate service. Puett, 912 F.2d at 275. Nevertheless, reliance on the Marshal does not mean that a plaintiff may remain silent and do nothing to remedy apparent service defects of which he has knowledge. Id. at 274 (citing Rochon v. Dawson, 828 F.2d 1107 (5th Cir.1987)); see also Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir.1991) ("an IFP plaintiff must request that the marshal serve his complaint before the marshal will be responsible for such service").
 
 
 5
 Here, the district court notified Robles that the Marshal's attempt to serve the defendant by mail under Rule 4(c)(2)(C)(ii) had not been effective. Nevertheless, Robles did not respond to the court's order to show cause, nor did he ever request that the Marshal effect personal service on the defendant. Because Robles took no action to remedy a service defect of which he had knowledge, the district court did not abuse its discretion by dismissing the action without prejudice pursuant to Rule 4(j). See id.; Puett, 912 F.2d at 274.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3