4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James E. JONES, Plaintiff-Appellant,
v.
Robert F. ANDERSON, Defendant-Appellee,
and
National Insurance Association, Non-Appealing Garnishee-Defendant.
 No. 93-1012.
 United States Court of Appeals, Seventh Circuit.
 Argued June 4, 1993.
Decided Sept. 8, 1993.
 
 Appeal from the United States District Court, for the Southern District of Indiana, Indianapolis Division, No. IP91-373C; John D. Tinder, Judge.
 
 
 1
 S.D.Ind.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 In April 1991 James E. Jones sued Robert F. Anderson for damages suffered in an April 1989 auto accident. Jones is Anderson's uncle and was a passenger in his nephew's car when the two were driving from Indiana to Oklahoma. The accident occurred near Lonoke, Arkansas, when Anderson's car collided with a semi-trailer truck and overturned, causing injuries to Jones allegedly totaling $385,029 (R. 12). After Anderson failed to answer Jones' complaint, a default judgment was entered against him in November 1991. In February 1992, however, Anderson moved to vacate this judgment. The district court granted Anderson's motion, finding that its prior default judgment was not supported by proper service of process and personal jurisdiction, and that an "assignment of rights" executed by Jones and Anderson in January 1992 did not cut off Anderson's right to contest the default judgment against him. We affirm the district court in all respects.
 
 Facts
 
 4
 Jones filed his complaint on April 8, 1991, alleging that he was an Indiana resident, that Anderson was a Kansas resident and that diversity jurisdiction was present under 28 U.S.C. Sec. 1332. Three days later, Jones mailed copies of the complaint and summons to Anderson at an address in Wakefield, Kansas, care of Lynn Garcia, who signed the return receipt on April 15, 1991. On April 12, 1991, Jones mailed additional copies to Anderson at the same address with a "Notice and Acknowledgment for Service by Mail." However, Anderson did not sign the acknowledgment until July 11, 1991. Neither the return receipt nor the notice and acknowledgment were filed until October 18, 1991, when Jones applied for a default judgment, which was entered against Anderson on November 4, 1991. On January 3, 1992, the district court entered a damages award against defendant for $479,029.
 
 
 5
 Jones then filed a motion for supplemental proceedings naming National Insurance Association ("National") as a garnishee defendant under an automobile insurance policy it had issued to Anderson. Jones' lawyer notified Anderson of the default judgment against him and offered him an agreement that assigned all Anderson's rights against National to Jones; Anderson signed the agreement and returned it on January 25. National hired an Arkansas attorney to find and defend Anderson, and on January 29 Anderson gave his attorney a statement asserting that he had been a resident of Oklahoma for several years and had only worked in Kansas for a short time, never residing there. He also blamed the accident on the driver of the semi-trailer truck.
 
 
 6
 In February 1992 Anderson filed motions to vacate the default judgment and dismiss the complaint. These motions were granted on November 30, 1992. Judge Tinder's opinion reasoned that there was insufficient service of process on Anderson because he had not acknowledged service of process until July 11, 1991, instead of within the 20 days specified in Federal Rule of Civil Procedure 4(c)(2)(C)(ii). The court also noted that Jones' complaint arose out of an Arkansas automobile accident that occurred after Anderson had left Indiana to relocate his residence in Oklahoma. Anderson had no intent to return to Indiana; he was not conducting continuous or substantial activities in Indiana when the accident occurred; and he was an Oklahoma resident when the complaint was filed. For these reasons, the district court held that it had no personal jurisdiction over Anderson under Indiana's long-arm statute (Appendix A infra ). Finally, the court refused to find that Anderson's undated "assignment of rights" to Jones (Appendix B infra) barred Anderson from attacking the default judgment against him.
 
 
 7
 Jones challenged this ruling in a subsequent "motion to alter or amend the November 30, 1992, judgment." In February 1993 the district court denied this motion because it was untimely, the evidence cited in support thereof was not newly discovered, and Anderson had not waived insufficiency of service and personal jurisdiction (R. 58). The judge reiterated that Anderson's "assignment of rights" to Jones did not indicate his consent to the court's jurisdiction because Anderson had not been advised by counsel when executing it (ibid.).
 
 Insufficiency of process
 
 8
 The affidavit of service and return prepared by Jones' counsel shows that he attempted service of process under Federal Rule of Civil Procedure 4(c)(2)(C)(ii), which prescribes acknowledgment of service within 20 days after the date of mailing. The mailing of the notice and acknowledgment of service occurred on April 12, 1991, and these forms were not signed by Anderson until July 11, 1991, well beyond the 20 days specified in the rule. Because strict compliance with Rule 4(c)(2)(C)(ii) is required, the district court correctly held that service upon defendant here was ineffective. Williams v. Leach, 938 F.2d 769, 772 (7th Cir.1991); Young v. Mount Hawley Insurance Co., 864 F.2d 81 (8th Cir.1988), certiorari denied, 439 U.S. 919; Worrell v. B.F. Goodrich Co., 845 F.2d 840, 841-842 (9th Cir.1988), certiorari denied, 491 U.S. 907.
 
 Personal jurisdiction
 
 9
 In this diversity case, the district court would have personal jurisdiction over a nonresident defendant such as Anderson only if a state court of the state in which it sits would have such jurisdiction. Wilson v. Humphreys (Cayman) Ltd., 916 F.2d 1239, 1243 (7th Cir.1990), certiorari denied, 111 S.Ct. 1415. Since Jones' injury arose out of an act in Arkansas, it is necessary to inquire whether Anderson, a non-resident of Indiana, has sufficient contacts with Indiana to be sued there. Helicopteros Nacionales De Colombia, S.A. v. Hall, 466 U.S. 408, 414; 4 Wright and Miller Federal Practice and Procedure, Civil Sec. 1069 at 357-358. Jones asserts that Andeerson had contacts with Indiana arising from a prior residence there, but these contacts are unrelaed to this litigation. Here Anderson had been an Oklahoma resident for more than two years when the present lawsuit was filed (R. 43 at 12; R. 26, exh. 1 at 3). When the accident occurred, Anderson was moving to Oklahoma, he did not intend to return to Indiana, and he was conducting no activities in Indiana. The district court therefore correctly found that jurisdiction over Anderson would be improper under the Indiana long-arm statute because his acts in Arkansas had no substantial connection to Indiana. Burger King Corporation v. Rudzewicz, 471 U.S. 462, 475.
 
 
 10
 Affidavit of assignment of rights and covenant not to execute
 
 
 11
 Jones' principal argument concerns an undated "Assignment of Rights and Covenant not to Execute" (Appendix B). Jones claims that by signing this agreement Anderson waived any objections to insufficient service and personal jurisdiction. The district court did not so view it nor do we. This document purported to assign Anderson's rights against his insurer to Jones in return for "Plaintiff's covenant not to execute against the Defendant's wages or earnings." However, nothing in the assignment specified that Anderson waived his right to contend that Jones' complaint should be dismissed for insufficiency of process and lack of personal jurisdiction. This document was signed by Anderson without benefit of counsel and does not provide that he consented to the court's jurisdiction over him. The district judge correctly observed that the assignment "does not represent a private agreement by the Defendant that the default judgment was valid" and that as a matter of contract law, the assignment "does not constitute a binding representation that the [default] Judgment is valid or a promise that it will not be contested." The court concluded (R. 58 at 9):
 
 
 12
 [T]he Defendant was not advised by [his own] counsel when he executed the Assignment. The Defendant merely executed it based on Plaintiff's counsel's representation that Defendant would be absolved of liability. This Defendant certainly could not have known that he would waive his right to challenge jurisdiction merely by signing and returning a document that mentioned nothing about such a right. Even if, under some circumstances, a contract may have binding "implicit" terms when executed among those versed in the law, this Defendant could not be bound by such a subtle, technical operation of the law.
 
 
 13
 We will not discuss Jones' argument that the settlement agreement rendered moot all issues between the parties because the mootness issue was not presented below. For the foregoing reasons, the judgment dismissing the plaintiff's complaint without prejudice is affirmed.
 
 APPENDIX A
 
 14
 In pertinent part, Indiana's long-arm statute provides:
 
 
 15
 (A) Acts serving as a basis for jurisdiction. Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:
 
 
 16
 1. Doing business in this state;
 
 
 17
 2. Causing personal injury or property damage by an act or omission done within this state;
 
 
 18
 3. Causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials or services used, consumed or rendered in this state.
 
 
 19
 4. Having supplied or contracted to supply services rendered or to be rendered or goods or materials furnished or to be furnished in this state;
 
 
 20
 5. Owning, using, or possessing any real property or an interest in real property within this state; or
 
 
 21
 6. Contracting to insure or act as surety for or on behalf of any person, property or risk located within this state at the time the contract was made;
 
 
 22
 7. Living in the marital relationship within the state notwithstanding subsequent departure from the state as to all obligations for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state.
 
 APPENDIX B
 
 23
 ASSIGNMENT OF RIGHTS AND COVENANT NOT TO EXECUTE
 
 
 24
 Whereas, the Plaintiff owns a judgment against the Defendant in the amount of $479,029.00, plus interest and costs; and
 
 
 25
 Whereas, the Defendant possesses certain assets including insurance policies, rights, claims, and choses in action against National Insurance Association; and
 
 
 26
 Whereas, the parties intend to assign Defendant's rights, claims, and choses in action against National Insurance Association to the Plaintiff, in exchange for and in consideration of Plaintiff's covenant not to execute against the Defendant's wages or earnings, and for the purpose of permitting the Plaintiff to seek satisfaction of his judgment from National Insurance Association due to their bad faith and negligence in handling, adjusting and litigating the claim underlying said judgment.
 
 
 27
 NOW, THEREFORE and in consideration of the mutual promises of the parties, it is AGREED:
 
 
 28
 1. The Defendant, Robert F. Anderson, hereby assigns to the Plaintiff, James E. Jones, all rights, claims, and choses in action, of any kind or nature, that he may possess against National Insurance Association.
 
 
 29
 2. The Plaintiff, James E. Jones, hereby covenants not to execute against the wages or earnings of the Defendant, Robert F. Anderson, in seeking satisfaction of his judgment.
 
 
 30
 3. The Parties do not in any way by this assignment intend to release said judgment or release National Insurance Association, its employees or agents from paying the full judgment as stated, and to the extent that any court may so hold, this agreement is null and void.
 
 
 31
 4. The parties further agree that this agreement shall be binding upon their heirs, successors, and assigns.
 
 
 32
 /s/ Robert F. Anderson
 
 Robert F. Anderson
 Judgment Defendant
 
 33
 /s/ James E. Jones
 
 James E. Jones
 Plaintiff and Judgment Creditor
 
 34
 covenant.doc